USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

ALFRED MILANO,

                              Plaintiff,

            -against-                        19-CV-3357 (VEC)

                                        ORDER

PROVIDENT LIFE & CASUALTY INSURANCE
COMPANY, PAUL REVERE LIFE INSURANCE
COMPANY,

                             Defendants.

------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 25, 2019, the Court ordered the parties to submit briefs addressing whether the Court should permit Plaintiff to supplement the administrative record with additional, recent evidence of Plaintiff's disability (Dkt. 23);

WHEREAS on November 8, 2019, Plaintiff submitted a brief arguing that the Court should exercise its discretion to admit extrinsic evidence on the grounds that Defendants' failure to request an Independent Medical Examination (IME) was a procedural deficiency sufficient to constitute good cause (Dkt. 24);

WHEREAS on December 5, 2019, Defendants submitted a brief opposing the admission of extrinsic evidence on the grounds that Plaintiff failed to demonstrate good cause to supplement the record (Dkt. 27);

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is DENIED. District courts have discretion to admit extrinsic evidence to supplement the administrative record upon a showing of good cause. *DeFelice v. Am. Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 66 (2d Cir.

1997); *Halo v. Yale Health Plan, Dir. Of Benefits & Records Yale Univ.*, 819 F.3d 42, 60 (2d Cir. 2016). Good cause may exist when a plan fails to comply with established procedures for evaluating a claim. *Halo,* 819 F.3d at 60. Defendants' failure to request an IME, however, is not a procedural deficiency. A plan administrator may, in its discretion, "elect not to conduct an IME, particularly where the claimant's medical evidence on its face fails to establish that [he] is disabled." *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 91 (2d Cir. 2009). Although Plaintiff argues that the plan administrator "d[id] not have such discretion" because Plaintiff's "medical evidence on its face does not fail to establish that he is disabled," Dkt. 24 at 4, Plaintiff misreads *Hobson* as setting a firm requirement as to when an IME must be conducted. Because Plaintiff's claim is, in essence, an objection to Defendants' decision on the merits, rather than a procedural misstep in making the decision, Plaintiff has failed to establish good cause for the Court to consider extrinsic evidence. Moreover, the proposed supplemental evidence would be cumulative as Plaintiff concedes that all of the evidence "would be consistent with the evidence that is already in the administrative record." Dkt. 24 at 2.

2. Plaintiff's motion to allow discovery to determine whether good cause exists is DENIED. At the outset, the Court notes that the parties agreed in their joint letter that no discovery beyond the administrative record was required of Defendants. Dkt. 22. Moreover, Plaintiff fails to show that there is a reasonable chance that the requested discovery would reveal any procedural deficiency sufficient to constitute good cause. *See Trussel v. Cigna Life Ins. Co. of N.Y.*, 552 F. Supp. 2d 387, 393 (S.D.N.Y. 2008). Because Plaintiff's claim is based on the substance of Defendants' decision, rather than a procedural failure, additional discovery is not warranted. *See Elizabeth*

*Boey Chau, M.D. v. Hartford Life Ins. Co.*, No. 14-CV-8484, 2016 WL 7238956, at *4 (S.D.N.Y. Dec. 13, 2016) (holding that plaintiff may not conduct discovery that relates solely to the merits of Defendants' decision).

3. Defendants' motion for summary judgment is due **March 6, 2020**. Plaintiff's opposition is due **April 3, 2020**. Defendants' reply is due **April 17, 2020**.
4. Upon a joint request, the Court would be happy to refer the parties to Magistrate Judge Cott for a settlement conference.

**SO ORDERED.**

Date: **January 13, 2020**
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**